# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS: (631) 247-4630
TIMOTHY.DOMANICK@JACKSONLEWIS.COM

May 2, 2023

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Velazquez v. Valery Joseph Salo, LTD, et. al.*
         Case No. 23-cv-02525 (LGS)

Your Honor:

> Application **GRANTED**.  Good cause exists to set aside the certificates of default issued on April 28, 2023, because the parties' letter represents that Defendants' default was not willful, Plaintiff will suffer no prejudice from setting aside the judgments, and Defendants intend to contest Plaintiff's claims on the merits.  *See* Fed. R. Civ. P. 55(c); *Beyonics Int'l PTE Ltd. v. Smith*, 833 F. App'x 492, 493 (2d Cir. 2020).  Defendants shall answer, move or otherwise respond to the Complaint by **June 16, 2023**.  The parties are apprised that the date of the initial conference and deadline to file a joint letter and proposed case management plan, as described in the Order issued March 27, 2023, remain the same. So Ordered.
>
> Dated: May 3, 2023
>           New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

As counsel for Defendants, we write jointly with Plaintiff's counsel pursuant to Rule B(3) of Your Honor's Individual Rules to move for the following: (1) the Court set aside the Clerk's Certificates of Default, issued on April 28, 2023 (Dkt. Nos. 14,15), pursuant to Fed.R.Civ.P. 55(a) and (c); and (2) grant Defendants *nunc pro tunc* until June 16, 2023 to respond to the Complaint. As discussed in detail below, Defendant has the requisite Fed.R.Civ.P. 55(c) "good cause" to set aside the Certificates of Default as a matter of law.

## I.    Background.

On March 24, 2023, Plaintiff commenced this action by filing a Complaint on ECF (Dkt. No. 1) alleging Defendants violated the FLSA and NY Labor Law by failing to pay alleged overtime and record keeping violations. Defendant Valery Joseph Salon, LTD allegedly was served on 4/3/23 (Doc. No. 8), and Valery Joseph, allegedly was served on 4/4/23 (Doc. No. 9). A response to the Complaint was due on or about April 25, 2023.  Upon receipt of the Complaint, Defendants were in the process of attempting to obtain counsel.  Unfortunately, that took longer than expected.  They did not intend to miss any applicable deadlines.  Immediately upon hiring Jackson Lewis on even date, Defendants are filing the instant application.

## II.    Fed.R.Civ.P. 55(c) Good Cause.

Fed.R.Civ.P. 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three factors that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a

meritorious defense is presented. Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' and the criteria of the Rule 60(b) set aside should be construed generously." *Famous Music Corp. v. 716 Elmwood, Inc.*, No. 05 Civ. 0885A, 2006 U.S. Dist. LEXIS 32140, *2-3 (W.D.N.Y. May 22, 2006)( internal citations and quotations omitted). Here, Defendant has met all three of Fed.R.Civ.P. 55(c)'s good cause factors, **especially considering Plaintiff consents to this request.**

First, "[t]he Second Circuit has held that when determining whether a default has been willful, the court should look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." *Famous Music Corp.*, 2006 U.S. Dist. LEXIS 32140, *3-4 (citing *American Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 60 (2d. Cir. 1997)). Upon receipt of the Complaint, Defendants were in the process of obtaining counsel. Ultimately, they were able to do so, albeit slightly delayed. Therefore, Defendant's failure to respond to the Complaint by April 25, 2023 was not willful, in bad faith, or something more than mere negligence. At best, it is litigant's error.

Next, Plaintiff is not prejudiced if the Court vacates the Default in this case. Vacating the Default in this case will not affect any of Plaintiff's rights or the ability to obtain the relief sought if Plaintiff prevails. Most importantly, Plaintiff does not assert that there is any prejudice to vacating the Default in this case as he joins in Defendants' request. Finally, Defendants have meritorious defenses to Plaintiff's claims. Defendants assert that at all times they complied in good faith with both the FLSA and NYLL. Accordingly, the Court should vacate the Clerk's Certificates of Default and reopen this matter for good cause pursuant to Fed.R.Civ.P. 55(c).

Accordingly, for the foregoing reasons, the parties jointly respectfully request that the Court, (1) vacate the Certificates of Default (Dkt. Nos. 14 and 15) pursuant to Fed.R.Civ.P. 55(c); and, (2) grant Defendants *nunc pro tunc* until June 16, 2023 to respond to the Complaint. This is the first request for an extension and Plaintiff's counsel consents.

We appreciate Your Honor's consideration of this submission.

Respectfully submitted,

JACKSON LEWIS P.C.

*Timothy Domanick*

Timothy Domanick

TD/mf
cc:   All counsel of record, Via ECF